UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Edward Hammond, #122180, | ) C/A No. 3:12-217-SB-JRM |
| Plaintiff, | ) |
| vs. | ) |
| William R. Byars Jr, Director;<br>Major D. Bush;<br>Capt. R. Abston;<br>Lt. B. Hunter;<br>Lt. C. Williams Jr.;<br>Lt. J. Bennett;<br>Lt. D. Harouff;<br>Sgt. J. Jeffrey;<br>Ofc. M. Sayphens, and<br>Jon E. Ozmint, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Plaintiff is an inmate at McCormick Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Amended Complaint submitted in this case, Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages from numerous SCDC officials and employees for alleged excessive force and medical indifference (ECF No. 16, Am. Compl. 10-11). According to the allegations in the Amended Complaint, Plaintiff's claims arose from an alleged excessive-force incident

that occurred at Perry Correctional Institution on June 10, 2007 and from the failure of some of the Defendants to provide adequate medical care to Plaintiff thereafter. *Id*. at 5-8. All actions that are alleged to be wrongful occurred between June 10, 2007 and November 2007, when Plaintiff received surgery for the injuries he allegedly incurred in the force incident.

At the time Plaintiff filed this case in late January 2012, a virtually identical case that he previously filed had been dismissed *with prejudice* and that result was finalized approximately two years before when the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal on December 7, 2010 because it was untimely filed. *Hammond v. Bush*, Civil Action No. 3:08-3592-SB (ECF Nos. 57, 58). That previous case had the same Defendants as this case (with the exception of Defendant Byars, who became Director of SCDC after Civil Action No. 3:08-3592-SB was filed), and was based on the same allegations of excessive force and medical indifference arising from the same June 10, 2007 incident.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's

allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Following close review of the allegations contained in the Amended Complaint filed in this case, it appears that, aside from the presence of one additional Defendant (Byars), this case is completely duplicative of Civil Action No. 3:08-3592-SB. Because the court dismissed the complaint in Civil Action No. 3:08-3592-SB *with prejudice*, the present, substantially similar, Amended Complaint is barred by the doctrine of *res judicata*. It is generally considered that dismissal of a case *with prejudice* implicates the doctrine of *res judicata*, and bars a plaintiff from bringing a lawsuit based on the same facts against the same parties in the future. *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *Assa'ad-Faltas v. President of Univ. of S.C.*, 291 F. App'x 534, 536 (4th Cir. 2008).

*Res judicata*[1] bars re-litigation in a second suit involving the same parties or their privies based on the same cause of action if the court in the first suit issued a judgment on the merits. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). *Res judicata*, sometimes referred to as claim preclusion, provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars

---

[1] The district court may *sua sponte* raise the issue of *res judicata* in special circumstances, such as here, where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking *res judicata sua sponte*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). The three elements required to be shown for *res judicata* to apply are: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions. . . or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d at 1316 (internal citations omitted).

When this court previously addressed Plaintiff's claims asserted against Major D. Bush, Capt. R. Abshon, Lt. B. Hunter, Lt. C. Williams, Jr., Lt. J. Bennett, Lt. D. Harouff, Sgt. J. Jeffrey, Ofc. M. Sayphens, and former SCDC Director Jon E. Ozmint, it made a final determination on the merits. *See* Order, *Hammond v. Bush*, No. 3:08-3592-SB (D.S.C. filed Mar. 12, 2010)(ECF No. 48)(adopting Report and Recommendation filed Nov. 16, 2009)(ECF No. 45)). The summary judgment in the case was entered "with prejudice." *Id.* filed March 15, 2010 (ECF No. 49). Plaintiff's claims in the present action against these Defendants are based upon the same causes of action asserted in the former action previously adjudicated by this court.[2] Therefore, Plaintiff's claims against Major D. Bush, Capt. R. Abston, Lt. B. Hunter, Capt. C. Williams, Jr., Lt. D. Harouff, Lt. J. Bennett, Sgt. J. Jeffrey, Ofc. M. Sayphens, and Jon E. Ozmint are precluded under the doctrine of *res judicata*. The court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances: "The District Court clearly had the right to take notice of its own files and records

---

[2] In the prior case, Plaintiff asserted almost identical claims as alleged here. Further, he specifically states in his Amended Complaint in this case that Civil Action 3:08-0392 is the same lawsuit he is "dealing with[] now." (ECF No. 16, Am. Compl. 16).

and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

As stated above, because of the previous dismissal *with prejudice* in Civil Action No. 3:08-3592-SB, this case is barred by *res judicata* as to all the persons who were defendants in the previous case and who are also Defendants in this case. The only person who is a Defendant in this case, but who was not a defendant in Civil Action No. 3:08-3592-SB, is Defendant "William R Byars, Jr., Director." Defendant Byars became the Director of SCDC in 2011, *see* SCDC, http://www.doc.sc.gov/about_scdc/AgencyHistory5.jsp (last visited May 9, 2012), and review of the Amended Complaint in this case indicates that he is named a Defendant solely because of his current position as Director of SCDC. (ECF No. 16, Am. Compl. 5). Because there are no allegations of personal or individual wrongdoing on Byars' part in connection with the matters of which Plaintiff complains, the court determines that Plaintiff seeks to hold him responsible for his alleged injuries under a vicarious or supervisory liability theory because he is the current ultimate supervisor of the other named Defendants. In fact, Plaintiff states as much in his Amended Complaint. *Id*. ("Plaintiff names . . . Byars . . . as defendant[ ] because [he] is ultimately responsible for the training and supervision of [SCDC's] correctional personnel.").

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Amended Complaint from dismissal as to Director Byars. The *Slakan* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there is nothing in the Amended Complaint that will permit Plaintiff to overcome the

court's prior dismissal *with prejudice* of his claims against all other named Defendants, thus there can be no finding of liability on the part of Byars' employees for which he could be found responsible.

Even though Plaintiff continues to allege that some of SCDC employees or officials who were also defendants in Civil Action No. 3:08-3592-SB allegedly personally violated his constitutional rights in connection with the use of force and medical care in 2007, he does not, and cannot, assert that Defendant Byars was *personally* aware of the allegedly unconstitutional activities of those individual employees or officials because Byars was not even employed at SCDC during that applicable time period. Thus, Plaintiff has not alleged any "pervasive and unreasonable risk of harm from *some specified source . . .*" nor has he alleged that Byars' "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). In absence of allegations of individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on Defendant Byars part, Plaintiff's Amended Complaint is both frivolous and fails to state a claim on which relief can be granted as to Byars. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Plaintiff already had a full opportunity to litigate his claims arising from the alleged altercation he had with SCDC employees on June 10, 2007 within the appropriate confines of applicable Court procedures in Civil Action No. 3:08-3592-SB. To allow him to continue to press his allegations in this case would be an unreasonable and inefficient use of the court's precious resources.

**RECOMMENDATION**

Accordingly, the undersigned finds that this case is frivolous as to all Defendants, and it is recommended that the District Court dismiss the Amended Complaint in this case *with prejudice*. Because the Amended Complaint filed in this case clearly fails to state a claim on which relief may be granted and is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, it is also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391(4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

May 9, 2012
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201